IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY D. WHALING,)
)
       Plaintiff,)
)
  -vs-)   Civil Action No. 17-641
)
NANCY A. BERRYHILL,[1])
COMMISSIONER OF SOCIAL SECURITY,)
)
       Defendant.)

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 12 and 15). *Pro se* Plaintiff[2] filed Exhibits in Support of his Motion and Defendant filed a Brief in Support of its Motion. (ECF Nos. 12 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 12) and granting Defendant's Motion for Summary Judgment. (ECF No. 15).

## I. BACKGROUND

*Pro se* Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits pursuant to the Social Security Act. He filed his application alleging disability since March 20, 2014. (ECF No. 8-5, p. 6). Administrative Law Judge ("ALJ"), Marty R. Pillion, held a hearing on October 6, 2016. (ECF No. 98-2, pp. 94-129). On November 15, 2016, the ALJ found that Plaintiff was not disabled

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

[2] Plaintiff was represented by counsel at the administrative level but proceeds in this court *pro se*.

1

under the Social Security Act. (ECF No. 8-2, pp. 78-89).

After exhausting all administrative remedies thereafter, Plaintiff filed this action. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 12 and 15). The issues are now ripe for review.

## II. **LEGAL ANALYSIS**

### A. **STANDARD OF REVIEW**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Residual Functional Capacity ("RFC")

By implication, it may be read that Plaintiff is arguing that the ALJ erred in determining his residual functional capacity ("RFC").³ (ECF No. 12). The RFC determination is a question to be answered by the ALJ based on all of the evidence of record. 20 C.F.R. §§404.1527*,* 416.927. Simply because a plaintiff has an impairment or a diagnosis does not equate to a disability.

---

³RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §416.945(a).

Rather, a plaintiff must still show he/she is unable to perform substantial gainful activity. *Petition of Sullivan*, 904 F.2d 826, 845 (3d Cir. 1990). In this case, the ALJ found that Plaintiff has the RFC to perform light work with extensive limitations. (ECF No. 8-2, p. 83). After a review of the record, I find there is substantial evidence of record to support the ALJ's RFC determination. (ECF No. 8-2, pp. 78-89). Thus, I find no error in this regard.

### C. Jobs in the National Economy

Plaintiff submits that the ALJ erred by improperly disregarding vocational expert testimony. (ECF No. 12, p. 1). An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's limitations. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, I find there is substantial evidence that the ALJ accepted the VE's testimony that accurately reflected Plaintiff's limitations as set forth in the RFC. (ECF No. 8-2, pp. 78-89; 121-128). Consequently, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY D. WHALING,
    Plaintiff,

-vs-    Civil Action No. 17-641

NANCY A. BERRYHILL,[4]
COMMISSIONER OF SOCIAL SECURITY,
    Defendant.

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 14th day of June, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 12) is denied and Defendant's Motion for Summary Judgment (ECF No. 15) is granted.

    BY THE COURT:

    s/ Donetta W. Ambrose
    Donetta W. Ambrose
    United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.